UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JAMES KRAL,

               Petitioner,

v.                                     CASE NO. 05-CV-72987-DT
                                     HONORABLE ARTHUR J. TARNOW

WARDEN MARBERRY,

               Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

**I.**     **Introduction**

David James Kral ("Petitioner"), a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner states that he was convicted of violating 21 U.S.C. §§ 841(a) and 846 in the United States District Court of Minnesota in 1996 and was sentenced to 180 months imprisonment. Petitioner did not pursue a direct appeal of his conviction. He subsequently challenged his conviction by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the United States District Court of Minnesota, but his motion was denied in 2000.

In his present pleadings, Petitioner claims that he is entitled to habeas relief because his guilty plea was induced by false promises, he was denied the effective assistance of counsel, he is actually innocent, and jurisdiction was improperly obtained to secure his conviction. For the reasons stated below, the habeas petition filed pursuant to 28 U.S.C. § 2241 is dismissed.

05-72987

## II.   Discussion

Petitioner has instituted this action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  However, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief on a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).  A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention.  *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).  Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence.  *Id.* at 758; *Phillips v. Booker*, 76 F. Supp. 2d 1183, 1187 (D. Kan. 1999).  The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden.  *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).  The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence.  *Charles*, 180 F.3d at 756.

Petitioner has not shown that his remedy under § 2255 is inadequate or ineffective. While it appears from the pleadings that his first such motion was denied on statute of limitations grounds, he has not shown that the remedy under § 2255 is itself inadequate, nor has he shown that he has been unable to request permission to file a second motion under § 2255.  The remedy

2

05-72987

afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

The only circumstance in which the United States Court of Appeals for the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when the petition states a facially valid claim for actual innocence. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). In his third habeas claim, Petitioner asserts that he is actually innocent of the offenses to which he pleaded guilty. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Martin*, 319 F.3d at 894. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. Petitioner has made no such showing. While Petitioner asserts that he was in a state prison from November 1990 to November 1991 and that a drug source was in federal prison for most of 1992, such facts do not exonerate Petitioner from the charged drug offenses, occurring from 1990 to 1994, to which he pleaded guilty. Because Petitioner has not shown that his remedy under § 2255 is inadequate or ineffective, the Court will dismiss the instant petition.

## IV.   Conclusion

Based upon the foregoing analysis, the Court concludes that Petitioner is challenging the constitutionality of his federal criminal conviction and sentence and that he has not established that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus brought pursuant to 28

3

U.S.C. § 2241 is **DISMISSED.**  This dismissal is without prejudice to the filing of an

appropriate request to file a second motion to vacate sentence pursuant to 28 U.S.C. § 2255.

Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition

filed under § 2241, *King v. United States*, 124 F.3d 198, 1997 WL 580776, *2 (6th Cir. 1997)

(unpublished), Petitioner need not apply for one with this Court or with the Sixth Circuit before

seeking to appeal this decision.


                                          s/Arthur J. Tarnow
                                          Arthur J. Tarnow
                                          United States District Judge

Dated:  September 1, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on
September 1, 2005, by electronic and/or ordinary mail.

                                          s/Catherine A. Pickles
                                          Judicial Secretary